1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SOLOMAN FAMILY TRUST,                    CASE NO. CV F 05-1413 OWW DLB

12                                            **AMENDED**
                                             **FINDINGS AND RECOMMENDATIONS ON**
13                    Plaintiff,              **PETITION TO QUASH IRS SUMMONS AND**
                                             **GOVERNMENT'S MOTION TO DISMISS**
14        vs.                                **PETITION TO QUASH IRS SUMMONS AND**
                                             **TO COUNTER PETITION TO ENFORCE**
15                                           **IRS SUMMONS**
     FRED CHYNOWETH, Revenue                 (Docs. 1, 7.)
16   Agent,

17                    Defendant.
                                        /
18

19                        **INTRODUCTION**

20        The United States of America ("Government") seeks to dismiss a petition to quash Internal

21   Revenue Service ("IRS") summons, demand for bill of particulars, request for injunction and claim for

22   personal damages filed by Gary Tedder, acting as a trustee of plaintiff Solomon Family Trust

23   ("Petitioner") and to enforce the IRS summons issued to Bank of America.  The Government further

24   seeks to substitute itself in place of defendant Revenue Agent Fred Chynoweth ("Agent Chynoweth")

25   as the real party in interest.

26        On June 2, 2006, the Court granted Petitioner's request for a continuance of the hearing on the

27   motion to dismiss and ordered Petitioner to secure representation of licensed counsel to appear on its

28   behalf.  The Court advised Petitioner that its failure to secure licensed counsel would result in a

                                        1

1   recommendation that this action be dismissed.  The hearing was continued to July 21, 2006.  On July

2   5, 2006, Gary Tedder, acting as trustee of Petitioner, filed an opposition to the Government's motion to

3   dismiss Petitioner's petition and to enforce the IRS summons.  Pursuant to Local Rule 78-230(c), (h),

4   this Court considered the Government's motions on the record and without oral argument or the July

5   21, 2006 hearing, which was vacated.  For the reasons discussed below, this Court RECOMMENDS to:

6       1.      DISMISS Agent Chynoweth and substitute the United States of America in his place;

7       2.      DENY the petition to quash the IRS summons to Bank of America; and

8       3.      GRANT the Government's motions to dismiss the petition and to enforce the IRS

9               summons to Bank of America.

10                                    **BACKGROUND**

11      Agent Chynoweth is investigating Petitioner's tax liabilities for the tax years 2002 and 2003.

12  On October 19, 2005, Agent Chynoweth served third party record-keeper summonses on Bank of

13  America.  The summons issued to Bank of America requested records relating to Petitioner's accounts

14  with Bank of America and designated November 22, 2005 as the date of appearance.  On October 19,

15  2005, Agent Chynoweth served Petitioner notice of the summons by certified mail along with a copy

16  of the summons.

17      On November 8, 2005, Gary Tedder, acting as trustee of Petitioner, filed a "Petition to Quash

18  Summons, Demand for a Bill of Particulars, Request for Injunction, Claim for Personal Damages"

19  ("petition") to challenge validity of the IRS summons to Bank of America and its service.  The petition

20  names Agent Chynoweth in his individual capacity as the sole defendant.  Agent Chynoweth received

21  the petition by mail on March 17, 2006 and has not been personally served.   Neither the United States

22  Attorney nor the Attorney General have been served with the petition.

23      On May 1, 2006, the Government filed its papers to:

24      1.      Dismiss all claims against Agent Chynoweth and to substitute the Government as

25              defendant;

26      2.      Dismiss the petition on the following grounds:

27              (a)     Lack of subject matter jurisdiction in that Petitioner failed to serve its petition

28                      within 20 days after Petitioner received notice of the IRS summons;

2

1         (b)      The petition to quash was improperly filed *in propria persona* by a trustee, Gary

2                   Tedder, who is not a licensed attorney; and

3         (c)      Lack of personal jurisdiction as Petitioner has failed to timely serve the United

4                   States; and

5     3.      Enforce the IRS summons.

6 Agent Chynoweth's supporting declaration states:

7     1.      The IRS does not possess the summoned records;

8     2.      The summoned records are necessary "to properly investigate the financial information

9           to aid in the examination of petitioner's federal tax liabilities for the tax years 2002 and

10          2003;

11     3.      "All administrative steps required by the Internal Revenue Code for issuance of

12           summons have been taken"; and

13     4.      To the present, there is no "criminal referral to the Department of Justice in effect with

14           respect to petitioner for tax years 2002 and 2003, as defined in Section 7602(d) of Title

15           26, U.S.C.

16     As noted, Petitioner was ordered to secure licensed counsel to appear on its behalf.  Petitioner

17 has failed to do so.  In violation of the Court's June 2, 2006 order, Gary Tedder filed a purported

18 opposition on behalf of Petitioner.

19 **DISCUSSION**

20 **Real Party In Interest**

21     The Government claims it is the real party in interest to be substituted as defendant in place of

22 Agent Chynoweth in that Agent Chynoweth acted in his official capacity to issue the IRS summons. The

23 Government is correct.  "When an action is one against named individual defendants, but the acts

24 complained of consist of actions taken by defendants in their official capacity as agents of the United

25 States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th

26 Cir. 1989).  "[A] suit against IRS employees in their official capacity is essentially a suit against the

27 United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see Hawaii v. Gordon*, 373

28 U.S. 57, 58, 83 S.Ct. 1052 (1963); *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983); *English v. Krubsack*,

1  371 F.Supp.2d 1198, 1200 (E.D. Cal. 2005) (dismissing revenue agent and substituting Government as

2  real party in interest in action to quash IRS summons).  Moreover, Agent Chynoweth is immune from

3  individual liability for his revenue agent actions. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985).

4  As such, the Government is the proper defendant to warrant dismissal of Agent Chynoweth and

5  substitution of the Government in his place.

6                              **Untimely Service of Petition**

7          The Government contends that this Court lacks subject matter jurisdiction in that Petitioner failed

8  to comply with 26 U.S.C. § 7609(b)(2)(B)[1] to serve the petition within 20 days after notice of the IRS

9  summons to Bank of America.  Under the doctrine of sovereign immunity, the Government "is immune

10  from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert*, 756 F.2d

11  at 1458.  The Government consents to petitions to quash IRS summonses when a challenging taxpayer

12  files and serves "by registered or certified mail" to the IRS, through its revenue agent designated in the

13  notice of summons, a petition to quash no later than 20 days after the IRS provided notice of summons

14  to the taxpayer. *See* 26 U.S.C. § 7609(b)(2)(A), (B); *Travis v. Miki*, 394 F.Supp.2d 1277, 1280 (D. Hi.

15  2005).  Section 7609(b)(2)(A)'s 20-day filing requirement is jurisdictional. *Ponsford v. United States*,

16  771 F.2d 1305, 1309 (9th Cir. 1985); *see, e.g., Fogelson v. United States*, 579 F.Supp. 573, 574 (D. Kan.

17  1983); *Grishman v. United States*, 578 F.Supp. 73, 74 (S.D. N.Y. 1983);  *Bilodeau v. United States*, 577

18  F.Supp. 234, 235 (D. N.H. 1983); *Riggs v. United States*, 575 F.Supp. 738, 741-742 (N.D. Ill. 1983).

19  "[T]he twenty-day limit must be strictly construed because it is a condition precedent to the waiver of

20  sovereign immunity." *Ponsford,* 771 F.2d at1309.  The notice is given under section 7609, and the 20-

21  day period begins to run on the date the IRS gives, sends or mails notice of the summons to the taxpayer,

22  not until its receipt by the addressee. *Stringer v. United States*, 776 F.2d 274, 275-276 (11th Cir. 1985);

23  *Franklin v. United States*, 581 F.Supp. 38 (E.D. Mich. 1984); *Bilodeau*, 577 F.Supp. 234; *Riggs*, 575

24  F.Supp. at 741.

25          Here, Agent Chynoweth served Petitioner on October 19, 2005 by certified mail notice of the

26  summons.  Although Petitioner timely filed its petition on November 8, 2005 and within 20 days of

27  ─────────────────

28          [1]      Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code, 26 U.S.C. § 1, et seq.

                                        4

1    notice of the IRS summons, Petitioner did not serve Agent Chynoweth (who is named as the Respondent

2    in the Petition) until March 17, 2006.  Neither the United States nor the Attorney General have been

3    served with the Petition.  Petitioner failed to comply with section 7609(b)(2)(B) to serve the petition on

4    the IRS or Agent Chynoweth within 20 days and in turn to invoke this Court's jurisdiction to hear the

5    Petition. *See Chapple v. Internal Revenue Service*, 1996 WL 249351, p. 1 (D. Id.) (petition to quash IRS

6    summons dismissed for lack of subject matter jurisdiction due to failure to comply strictly with section

7    7609(b)(2)(B) to send copy of petition to issuing revenue agent within 20 days of notice of IRS

8    summons); *Dame v. United States*, 643 F.Supp. 533, 534-535 (S.D.N.Y. 1986) (dismissal for lack of

9    subject matter jurisdiction for failure to serve petition to quash on summoned party within 20 days);

10   *Shipley v. United States*, 1994 WL 731541, p. 1-2 (dismissal for lack of subject matter jurisdiction for

11   failure to file and serve petition to quash IRS summons within 20 days).  In the absence of subject matter

12   jurisdiction, the Petition must be dismissed.

13       The record reveals further deficiencies as to petition service on the United States Attorney

14   General and the United States Attorney for this district.  Service of process on the Government is

15   effectuated:

16       (A) by delivering a copy of the summons and of the complaint to the United
     States attorney for the district in which the action is brought or to an assistant United
17   States attorney or clerical employee designated by the United States attorney in writing
     filed with the clerk of the court or by sending a copy of the summons and of the
18   complaint **by registered or certified mail** addressed to the civil process clerk at the
     office of the United States attorney and

19
         (B) by also sending a copy of the summons and of the complaint **by registered
20   or certified mail** to the Attorney General of the United States at Washington, District
     of Columbia, and

21
         (C) in any action attacking the validity of an order of an officer or agency of the
22   United States not made a party, by also sending a copy of the summons and of the
     complaint by registered or certified mail to the officer or agency.

23

24   F.R.Civ.P. 4(i)(1)(A) – (C) (Bold added).

25       F.R.Civ.P. 12(b)(5) authorizes a motion to dismiss for "insufficiency of service of process."  If

26   service of process is not accomplished within 120 days of filing an action, this Court is empowered to

27   dismiss the action.  *See* F.R.Civ.P. 4(m); *Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986).

28   Petitioner has failed to file a proof to show service of the petition on the U.S. Attorney's Office for the

1  Eastern District of California and the U.S. Department of Justice.  Petitioner's failure to serve these

2  offices further supports dismissal of its petition.

3  **Petitioner's Pro Se Filing Status**

4  The petition was filed by Gary Tedder, who identifies himself as a trustee of Petitioner.  Mr.

5  Tedder does not identify himself as an attorney and a trust cannot file a cause of action in federal court

6  *in propria persona*.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987).  On

7  June 2, 2006, Petitioner was ordered to secure licensed counsel to appear on behalf of Petitioner in this

8  matter and warned that failure to secure licensed counsel would result in a recommendation that this

9  action be dismissed.  Petitioner has failed to do so, which further supports dismissal of the petition.

10  **Summons Enforcement**

11  The Government seeks to enforce the IRS summons to Bank of America.  The IRS has broad

12  investigatory powers under the Internal Revenue Code.  *See* 26 U.S.C. §§ 7601-7613.  Under section

13  7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records

14  or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the

15  correctness of any return, making a return where none has been made" and "determining" and

16  "collecting" tax liability.  The relevance requirement under section 7602 is whether the requested

17  material "might have thrown light upon the correctness of the return."  *United States v. Arthur Young*

18  *& Co.*, 465 U.S. 805, 813-815 & n. 11, 104 S.Ct. 1495, 1501 & n. 11 (1984); *David H. Tedder &*

19  *Associates, Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir. 1996).  The IRS may issue a summons to

20  investigate "merely on suspicion that the law is being violated, or even because it wants assurance that

21  it is not."  *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting *United States v.*

22  *Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

23  Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses

24  issued under authority of the United States."  Section 7602(a)(2) provides the IRS is not limited to

25  issuing summonses to taxpayers under investigation and is authorized to summon "any person having

26  possession, custody, or care of books of account" relating to the taxpayer or to summon "any other

27  person the Secretary may deem proper" to produce such information and testimony under oath relevant

28  and material to inquiry.  A summons may be directed to almost anyone.  *See, e.g., Chen Chi Wang v.*

6

1   *United States*, 757 F.2d 1000, 1002 (9th Cir. 1985) (statute provides IRS with "broad powers to summon

2   information relevant to determining the liability of any taxpayer.")   The summons power must be

3   construed broadly since it is "critical to the investigative and enforcement functions of the IRS." *Arthur*

4   *Young & Co.*, 465 U.S. 805, 104 S.Ct. at 1501.

5          Under section 7609(a)(1), a summons may be issued to a third party (not the taxpayer) and

6   require the third party to give "testimony on or relating to, the production of any portion of records made

7   or kept on or relating to, or the production of any computer software source code . . . with respect to, any

8   person (other than the person summoned) who is identified in the summons . . ." Section 7609(i)(1)

9   obligates a summoned party "to assemble the records requested" and to "be prepared to produce the

10  records pursuant to the summons on the day on which the records are to be examined."

11         Section 7609(b)(2)(A) authorizes the IRS to "seek to compel compliance with [an IRS]

12  summons."   Section 7604(a) grants this Court jurisdiction to enforce an IRS summons.   To enforce an

13  IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its

14  "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant for

15  that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all

16  administrative steps required by the United States Code. *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255;

17  *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

18         In *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth

19  Circuit Court of Appeals explained:

20         To establish a need for judicial enforcement, this showing need only be minimal.  This
           is necessarily true because the statute must be read broadly in order to ensure that the
21         enforcement powers of the IRS are not unduly restricted. *United States v. Balanced
           Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985).  Assertions by
22         affidavit of the investigating agent that the requirements are satisfied are sufficient to
           make the prima facie case. *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342,
23         1345 (9th Cir. 1983); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981), *cert.
           denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).
24
    The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is
25
    satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that
26
    the *Powell* requirements have been met." *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*,
27
    6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).
28

1    Agent Chynoweth's declaration satisfies the *Powell* requirements to establish a prima facie case

2  that he issued the summonses in good faith.  In his declaration, Agent Chynoweth explained that he

3  issued the summons legitimately in that the summoned records are necessary "to properly investigate

4  the financial information to aid in the examination of Petitioner's federal tax liabilities for tax years 2002

5  and 2003."  Agent Chynoweth confirmed he complied with IRS summons requirements by serving the

6  summons by certified mail to Bank of America.  Agent Chynoweth also confirmed that he served notice

7  of the summons by certified mail on Petitioner.  In addition, he declared that the IRS lacks possession

8  of the records sought by the summons and that there has been no referral for criminal prosecution for

9  the pertinent tax years 2002 and 2003.

10                                    **Merits of the Petition**

11    The Government contends that Petitioner's challenges to the IRS summons lack merit and that

12  Petitioner fails to meet its heavy burden to quash the summons.  After the Government establishes a

13  prima facie case of an IRS summons' good faith, "a 'heavy' burden falls upon the taxpayer to show an

14  abuse of process" or "the lack of institutional good faith."  *Dynavac, Inc.*, 6 F.3d at 1414; *Anaya v.*

15  *United States*, 815 F.2d 1373, 1377 (9th Cir. 1987); *Liberty Financial*, 778 F.2d at 1392.  A taxpayer

16  challenging an IRS summons "must allege specific facts and evidence to support his allegations."

17  *Liberty Financial*, 778 F.2d at 1392.  IRS "summons enforcement proceedings should be summary in

18  nature."  *United States v. Stuart*, 489 U.S. 353, 369, 109 S.Ct. 1183, 1193 (1989) (quoting legislative

19  history).

20    Petitioner offers nothing to substantiate its heavy burden to quash the IRS summons to Bank of

21  America.

22                                    ***Controlling Organic Law***

23    In its petition, Petitioner challenges IRS authority under section 7602 to issue a summons on

24  grounds that the "organic and controlling summons authority is § 3173 of the Revised Statutes," which

25  purportedly "impeaches" such section.  Such challenge is meritless in that section 7602 grants the IRS

26  broad summons powers.  "Under 26 U.S.C. § 7602, the IRS has broad powers to summon information

27  relevant to determining the liability of any taxpayer."  *Chen Chi Wang*, 757 F.2d at 1002.  Section

28  7602(a) empowers the IRS to "obtain such information from the taxpayer himself, or it may require

1    production from 'any person' holding records 'relating to the business of the person liable for tax' or

2    'any other person the Secretary or his delegate may deem proper.'" *Chen Chi Wang*, 757 F.2d at 1002

3    (quoting 26 U.S.C. § 7602(a)).  The IRS may issue a summons for the purposes set out in section 7602,

4    including "ascertaining the correctness of any return, making a return where none has been made,

5    determining the liability of any person for any internal revenue tax . . . or collecting any such liability."

6    26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999).

7            The IRS was authorized to issue its summons to Bank of America.

8                           *Delegation Of Authority*

9            Petitioner asserts that Agent Chynoweth lacks delegated authority to issue the summons under

10   26 U.S.C. § 7602 and asserts that only Alcohol Tobacco and Firearms agents have such authority.  This

11   argument lacks merit in that section 7804(a) authorizes the IRS to employ revenue agents "for the

12   administration and enforcement of the internal revenue laws," including those regarding IRS

13   summonses.  Under 26 C.F.R. § 301.7602-1 and IRS Delegation Order No. 4 (Revision 22), the duties

14   of issuing and serving administrative summonses are delegated to IRS agents, such as Agent Chynoweth.

15   As noted above, the IRS has broad authority to summon records from third parties.  Petitioner fails to

16   demonstrate Agent Chynoweth lacked authority to issue the summons to Bank of America.

17                      *Failure to Follow all Administrative Steps*

18           Petitioner complains that Agent Chynoweth failed to provide the reasonable notice in advance

19   that the IRS intended to contact third-party record keepers as required at 26 U.S.C. § 7602(c)(1)."

20   Petitioner's complaint has no merit because  Agent Chynoweth served notice of the IRS summons to

21   Bank of America on October 19, 2005 by certified mail to comply with section 7602(c)(1).

22                           *Particular Liability*

23           Petitioner next claims that since it filed tax returns for the years in question and self determined

24   a "particular liability" of which the IRS has information, the IRS has no ability to take any further

25   verification action.  Clearly, the IRS is authorized to investigate Petitioner's tax liability.  Section

26   7602(a)(1) empowers the IRS to examine "books, papers, records or other data which may be relevant

27   or material" to an inquiry for "ascertaining the correctness of any return, making a return where none

28   has been made" and "determining" and "collecting" tax liability.  The relevance requirement under

1  section 7602 is whether the requested material "might have thrown light upon the correctness of the

2  return." *Arthur Young & Co.*, 465 U.S. at 813-815 & n. 11, 104 S.Ct. at 1501 & n. 11 (1984); *David H.*

3  *Tedder & Associates*, 77 F.3d at 1169.  The IRS may issue a summons to investigate "merely on

4  suspicion that the law is being violated, or even because it wants assurance that it is not." *Powell*, 379

5  U.S. at 57, 85 S.Ct. 248 (1964) (quoting *Morton Salt Co.*, 338 U.S. at 642-643, 70 S.Ct. 357).  Agent

6  Chynoweth was authorized to issue the IRS summons to Bank of America to investigate Petitioner's tax

7  liability despite whether Petitioner self-determined its tax liability.  Agent Chynoweth correctly notes

8  that the IRS lacks the information sought from Bank of America.

9                                      ***Perjury Statement***

10        Petitioner asserts that section 6065 requires the IRS summons to be signed under penalty of

11  perjury.  Petitioner's reliance on section 6065 is erroneous because it applies to tax returns and related

12  documents submitted to the IRS, not to IRS summonses.  *See Morelli v. Alexander*, 920 F.Supp. 556,

13  558 (S.D.N.Y. 1996); *Villella v. United States*, 2000 WL 968773, p. 6 (S.D.N.Y. 2000).

14                                         **CONCLUSION**

15        For the reasons discussed above, this Court RECOMMENDS to:

16        1.    DISMISS named defendant IRS Revenue Agent Fred Chynoweth and substitute the

17              United States of America in his place;

18        2.    DENY the petition to quash the IRS summons to Bank of America;

19        3.    GRANT the United States of America's motion to dismiss the petition and to enforce the

20              IRS summons to Bank of America; and

21        4.    DIRECT this Court's clerk to enter judgment in favor of defendant United States of

22              America and against plaintiff Soloman Family Trust and to close this action.

23        These findings and recommendations are submitted to the district judge assigned to this action,

24  pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within thirty days of service

25  of this recommendation, any party may file written objections to these findings and recommendations

26  with the Court and serve a copy on all parties and the magistrate judge and otherwise in compliance with

27  this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate

28  Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings

1   and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file

2   objections within the specified time may waive the right to appeal the district judge's order.  *Martinez*

3   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4        IT IS SO ORDERED.

5        **Dated:    August 31, 2006**                    **/s/ Dennis L. Beck**
    3c0hj8                                          UNITED STATES MAGISTRATE JUDGE